959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CORPORATION OF the PRESIDING BISHOP OF the CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS, a Utah non-profit
corporation, Plaintiff-Appellee,
v.
Michael R. MASTRO, and "Jane Doe" Mastro, and the marital
community composed thereof, d/b/a G & M Investments;
Professional Escrow Services, Inc., a Washington
corporation; Erwin Wood, and "Jane Doe" Wood, and the
marital community composed thereof, Defendants-Appellants.
 No. 91-35410.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1992.
Decided March 30, 1992.
 
 Before EUGENE A. WRIGHT, WILLIAM A. NORRIS and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 * In the course of denying both cross-motions for summary judgment, the district court reasoned that
 
 
 3
 [e]ven assuming that Mastro notified the [Corporation of the Presiding Bishop (CPB) ] within this review period, the letter and FAX sent to [CPB] do not constitute a termination of the Agreement. Mastro's letter explicitly states that: "rather than terminate this agreement, I would like to request that the review period be extended to November 30, 1988."
 
 
 4
 The district court therefore held that Mastro's letter of November 14, 1988, did not constitute sufficient notice of termination as a matter of law.
 
 
 5
 Under Washington law, whether a purported notice of termination actually gives reasonable notice of termination is a question that "must be determined from the facts and circumstances of each case." Dravo Corp. v. L.W. Moses Corp., 492 P.2d 1058, 1063 (Wash.App.1971), review denied, 80 Wash.2d 1010 (1972). Sufficient notice of contractual termination is " '[s]uch notice or information of a fact as may fairly and properly be expected or required in the particular circumstances' " and, therefore, is a question of fact. Lano v. Osberg Constr. Co., 409 P.2d 466, 468-69 (Wash.1966) (quoting Black's Law Dictionary 1211 (4th ed.)).
 
 
 6
 The November 14 letter is not a model of clarity, but it can be fairly read to terminate the Agreement unless CPB agrees to an extension of the review period. The final paragraph states a refusal to become bound to purchase Lakeland Hills: "I do not wish to enter into a non-contingent status nor do I wish to convert the earnest money to non-refundable. However, rather than terminate this agreement, I would like to request that the review period be extended to November 30, 1988." Drawing all inferences in favor of Mastro, the letter arguably provides reasonable notice of termination under the circumstances. The district court therefore erred by holding that the letter could not, as a matter of law, constitute a notice of termination.
 
 II
 
 7
 Because Mastro's letter could be read to terminate the contract, the next issue is whether Mastro's alleged facsimile or mail transmission of the November 14 letter effected a timely delivery under the terms of the agreement. We turn our attention first to the district court's rulings on this issue because the record before us is very unclear.
 
 
 8
 * When the district court denied both cross-motions for summary judgment, it merely assumed without deciding that the letter was timely. Because the court had ruled as a matter of law that Mastro's letter could not be read as a notice of termination, the Pretrial Order, as modified by the district judge's own hand, states:
 
 
 9
 On November 29, 1989, the Court entered its Order Denying Both Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment. In this order, the Court held that Mastro had not timely terminated the Agreement.... That order is dispositive of the issue of timely termination.
 
 
 10
 Other portions of the Pretrial Order, however, list timeliness of termination as a contested issue of fact. Because the Pretrial Order was drafted by CPB's counsel, we believe that the portion of the order set out above, modified by the district judge's hand, reflects the district court's ruling. Accordingly, we read the Pretrial Order to have foreclosed timely termination as an issue at trial.
 
 
 11
 Unfortunately, the transcript of the bench trial and the district court's Findings of Fact and Conclusions of Law ("Findings and Conclusions") present further ambiguities. During trial, the district court admitted testimony relevant to determining whether the November 14 letter was delivered timely. After trial, the district court found that the Mastro letter "was not received by the Corporation until November 16, 1988.... Mastro did not terminate the agreement."
 
 
 12
 Despite the district court's finding, the transcript of the trial reveals a shared understanding by the parties and the court that timely termination was no longer at issue. First, counsel for CPB stated in his opening statement that
 
 
 13
 Mr. Mastro had the option to terminate the agreement on November 14th if he was not satisfied with the matters that he had specified in the agreement for review. Mr. Mastro did not terminate the agreement on November 14th. That is a fact that has been determined by this Court previously and is in the Pretrial Order.
 
 
 14
 7/24/90 RT 6-7. Second, CPB's counsel, Mr. Bjorkman, objected to the introduction of testimony from Mastro relating to the November 14 letter:
 
 
 15
 MR. BJORKMAN: Your Honor, I object at this point and move to strike [Mastro's] last answer. He's relating to a legal conclusion that the Court, Judge Zilly, has already ruled on and has been stricken out of the case through the Pretrial Order.
 
 
 16
 Judge Zilly has determined that the November 14 letter was not a termination and that Mr. Mastro did not timely terminate the agreement by the review period. That issue is foreclosed and over with.
 
 
 17
 THE COURT: You are correct that the law of the case is that the letter did not constitute a termination of the agreement, but that's no reason why he can't testify as to what he thought he was doing at the time. Go ahead. The motion is denied.
 
 
 18
 7/25/90 RT 17-18.
 
 
 19
 Finally, CPB's counsel in his closing statement delineated the only two issues that were to be determined at trial: (1) whether the agreement satisfied the statute of frauds and (2) whether the liquidated damages clause was enforceable. When one reads the entire trial transcript, as we have, it is plain that evidence was adduced almost exclusively as to those two issues and that introduction of evidence bearing on timely termination was a mere fortuity because the court viewed the issue as foreclosed. In these circumstances, Mastro would of course have no reason to attempt to introduce all evidence bearing on the timely termination issue.
 
 
 20
 Even if the district court intended to find that Mastro's letter was not delivered timely, a factual finding based upon such truncated evidence would be clearly erroneous. In light of the ambiguity in the record, we cannot hold that Mastro was permitted a fair opportunity to litigate the issue of timely termination.
 
 B
 
 21
 Despite the lack of a factual finding relating to the timeliness with which Mastro's November 14 letter was delivered to CPB, we could affirm the district court's ruling if Washington courts would, as a matter of law, hold Mastro strictly to the written terms of the termination clause. The agreement provided that any notice was effective (1) on the date personally delivered or (2) three days after such notice was mailed. Mastro argues, however, that CPB had actual, timely notice of the letter via a facsimile transmission and that the three-day lag time for mailed notices is inconsistent with his contractual right to a review period in which Mastro could terminate the transaction.
 
 
 22
 It appears to us that the alleged facsimile transmission may, under Washington law, have operated as a notice of termination because of the parties' prior course of conduct in utilizing facsimile transmissions. Washington courts utilize a contextual approach to contract interpretation and consider the parties' course of conduct in performing a contract to be probative in determining the parties' intent in entering into an agreement. See Berg v. Hudesman, 801 P.2d 222, 228 (Wash.1990). We therefore REVERSE the district court's judgment and REMAND for trial as to whether (1) Mastro's letter provided reasonable notice of termination under the circumstances and (2) whether Mastro's letter was a timely notice of termination in view of the parties' course of conduct in utilizing facsimile transmissions.[1]
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mastro also argues that Washington courts would not enforce the November 14 deadline because it is an inconsequential time limit resulting in a penalty. CPB argues that Mastro did not raise this argument below. We leave it to the district court on remand to determine whether Mastro has forfeited this argument by failing to raise it earlier